UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:

DAVID ALLEN GAULT, et al., )
)
Debtors, )
_____ )
)
)
)
STINSON MORRISON HECKER, LLP, )
)
Appellant, )
)
)
vs. ) Case No. 4:14CV1171 RLW
)
ROBERT J. BLACKWELL, )
)
Trustee. )

## MEMORANDUM AND ORDER

This matter is before the Court on the Notice of Appeal by Creditor Stinson Leonard Street f/k/a Stinson Morrison Hecker LLP (hereinafter "Stinson") (ECF No. 1), under 28 U.S.C. §158(a) or (b) from the Order of the United States Bankruptcy Judge granting Trustee's Objection to Claim #3-1 on June 16, 2014.

### BACKGROUND

Mr. and Mrs. Gault (the "Gaults" or "Debtors") filed the underlying bankruptcy proceedings under Chapter 7. Mr. Brian Trost and Mrs. Susan Trost (the "Trosts") filed a proof of claim (Claim #2-1) based upon a state court judgment rendered in case captioned *Brian Trost, et al. v. David Gault, et al.*, St. Charles County Circuit Court, State of Missouri, Cause No. 0811-CV07063 ("state court action" or "Gault Litigation"), for claims relating to the Trosts' purchase of the Gaults' former residence at 59 Burgundy Place Drive, Dardenne Prairie, MO

1

63368 (the "Property"). On the Trosts' behalf, Stinson tried the Gault Litigation and obtained a $472,110 judgment in favor of the Trosts, which included an award of attorneys' fees to the Trosts (the "Judgment") and is the basis for the Trosts' proof of claim in the bankruptcy litigation.

Stinson filed a statutory attorney's lien pursuant to the Judgment. Stinson also filed a proof of claim in the underlying bankruptcy proceeding (Claim #3-1) based on its statutory attorney's lien against any funds that may be due from the Debtor's Estate to Stinson's former clients, the Trosts, as a result of the Judgment. In response, the Trustee filed an objection to insure proper credit was given to the extent Stinson's claim was secured in part and unsecured in part. Trustee specifically objected for the following reasons:

_X_ No credit given for value of security. Security for said claim, either 59 Burgundy Place Dr., Dardenne Prairie, MO 63368, or the Judgment rendered 11/01/2011 have not been liquidated.

_X_ Trustee is prepared to consent to the allowance of said claim in the full amount as a fully secured claim not entitled to participate in any distribution from this Estate.

Stinson filed a response with the Bankruptcy Court, stating that Stinson was entitled to a distribution from the Estate to the extent that any funds that were paid to the Trosts on the Judgment up to the amount of Stinson's attorney's lien.

Prior to addressing Stinson's claim, the Bankruptcy Court avoided the majority of the judgment lien encumbering the Property, such that the secured portion of the lien was reduced to an amount of $52,773.34, which amount is being held in escrow by Debtors' counsel subject to Stinson's attorney's lien claim against any distribution to the Trosts.[1] Ultimately, the Bankruptcy

---

[1] Stinson argues that even if Stinson receives a distribution of the escrowed funds based on the determined judgment lien amount and is given credit for it, there remains $128,915.66, exclusive of interest, due and owing on the balance of Stinson's attorney's lien claim. To the extent that the Trosts would otherwise be entitled to a distribution from the Trustee out of Debtors' Estate as the result of the unsecured portion of the Trosts' claim, Stinson claims that it is entitled to receive that distribution up to $128,915.66, plus interest accrued since the attorneys' lien has priority over

2

Court sustained the Trustee's Objection to Stinson's claim prohibiting Stinson from participating in any distribution from the Estate on the grounds that, "the debt is not a debt of the Debtor [sic]." Thereafter, Stinson filed this appeal.

## STANDARD OF REVIEW

On appeal, "the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error." *In re Tasic*, No. 4:13CV00479 ERW, 2013 WL 2425133, at *3 (E.D. Mo. June 4, 2013)(citing *In re O'Brien,* 351 F.3d 832, 836 (8th Cir. 2003)).

## DISCUSSION

Stinson raises one point on appeal, contending:

> The Bankruptcy Court erred when it sustained Trustee's Objections to Appellant's Proof of Claim based on Appellant's attorney's lien because, even after crediting any secured portion of the lien, there remains an unsecured balance due and owing, Appellant was entitled to a claim against Mr. and Mrs. Trosts' distribution from the Estate in that the lien was established in accordance with the applicable Missouri Statute and such liens are enforceable in bankruptcy proceedings.

(ECF No. 5 at 2).

Missouri Revised Statutes provide that an attorney can have a lien to secure compensation for services rendered:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

Mo.Rev.Stat. §484.130.

---

amounts due to the Trosts from the Estate. (ECF No. 5 at 5).

As stated, the Bankruptcy Court significantly reduced the amount of the judgment lien encumbering the Property. Stinson claims an interest in the secured amount that encumbered the Property superior to that of the Trosts, but even if Stinson is credited for escrowed funds earmarked to pay the secured portion of the claim, there remains a balance due and owing on the attorney's lien claim. (ECF No. 5 at 7). Stinson further claims that to the extent that the Trosts would otherwise be entitled to a distribution from the Trustee out of Debtor's Estate as a result of the unsecured portion of the Trosts' claim based on the Judgment, Stinson states it is entitled to receive that distribution up to $128,915.66, plus interest accrued since the attorney's lien has priority over amounts due to the Trosts from the Estate. (ECF No. 5 at 7-8). Stinson argues that its attorney's lien "attaches not only to the client's judgment but also to the fruits of that successfully enforced judgment, including proceeds found in the bankruptcy estate." (ECF No. 5 at 8 (citing *In re Campbell*, 26 B.R. 145, 146 (Bankr. D. Colo. 1983)). Stinson emphasizes that the Bankruptcy Court in *In re Campbell* stated:

> This Court is aware of no cases which hold that a state attorney's lien cannot be enforced against a creditor's claim in a bankruptcy proceeding. In *In re Shirley Duke Associates*, 611 F.2d 15 (2nd Cir.1979) the Second Circuit upheld an attorney's lien under circumstances similar to those herein involved.

*In re Campbell*, 26 B.R. 145, 147 (Bankr. D. Colo. 1983).

In response, the Trustee argues that the Bankruptcy Court properly found that Stinson's debt was not a debt of the debtors. (ECF No. 6 at 4-6). The Trustee maintains that Stinson cannot file a proof of claim under the statute. The Trustee points out that under the Bankruptcy Code "[t]he term 'debtor' means person or municipality concerning which a case under this title has been commenced." 11 U.S.C. §101(13). The Trustee notes that "[t]he term 'creditor' means (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section

4

348 (d), 502 (f), 502 (g), 502 (h) or 502 (i) of this title; or (C) entity that has a community claim." 11 U.S.C. §101(10). Finally, "[t]he term 'debt' means liability on a claim." 11 U.S.C. §101(12). The Trustee states that, under the Bankruptcy Code, the Gaults are debtors, the Trosts are creditors, and the Judgment is a debt. (ECF No. 6 at 5). The Trustee, however, contends that Stinson was not a creditor of the Debtors (the Gaults). (*Id.*)

The Trustee further argues that Stinson could not have filed a claim for its attorney's fees. (ECF No. 6 at 5-6). Under the Bankruptcy Code, "[t]he term 'claim' means (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. §101(5). The Trustee claims that he filed his objection to Stinson's claim #3-1 because the claim did not give credit for the value of the security. (ECF No. 6 at 6). The Trustee asserts that the security for Stinson's claim was either 59 Burgundy Place Drive, Dardenne Prairie, MO 63368, or the Judgment, and neither of these items had been sold and/or liquidated. (*Id.*) The Trustee states that he "was prepared to consent to the allowance of said claim in the full amount as a fully secured claim not entitled to participate in any distribution from the Estate." (*Id.*) The Bankruptcy Court, however, found that Stinson's claim was not enforceable against the Debtors nor property of the Debtors under the agreement or applicable law because Stinson was owed money from the Trosts, not the Gaults. (*Id.*) The Trustee maintains that "[i]n no way, did Stinson have a claim against the Debtors." (*Id.*).

The Trustee also contends that the Bankruptcy Court properly found that Stinson failed to follow the proper procedure to be paid. (ECF No. 6 at 6). The Trustee first contends that Stinson

5

could have requested that the Trosts' claim be transferred to it pursuant to Fed.R.Bank.P. 3001(e)(2).[2] The Trustee argues that Stinson could have transferred the Trosts' claim out of the Trosts' name and into Stinson's name and been paid everything that the Trustee could have disbursed to the Trosts (after a notice and a hearing). (ECF No. 6 at 6-7). Second, the Trustee states that Stinson could have obtained a judgment against the Trosts and garnished the funds that would have been payable to the Trosts from the Estate, but that Stinson failed to try this option. (ECF No. 6 at 7-8 (citing *In re Brickell*, 292 B.R. 705, 710 (Bankr. S.D. Fla. 2003) *subsequently aff'd*, 142 F. App'x 385 (11th Cir. 2005); *Drake Dev. & Const. LLC v. Jacob Holdings, Inc.*, 366 S.W.3d 41, 45 (Mo. Ct. App. 2012); *Wright v. Bartimus Frickleton Robertson & Gorny PC*, 364 S.W.3d 558, 562 (Mo. Ct. App. 2011)).

Finally, the Trustee claims that the cases cited by Stinson are distinguishable from the present action. In *In re Campbell*, the Trustee points out that the firm filed an application for payment of attorney's fees, not a proof of claim. (ECF No. 6 at 9 (citing *In re Campbell*, 26 B.R. at 147)). Likewise, the Trustee asserts that in *In re Payless Cashways, Inc.* is distinguishable because that case was a Chapter 11, not a Chapter 7, and did not involve a trustee or a proof of claim. (ECF No. 6 at 10 (citing *In re Payless Cashways, Inc.*, 227 B.R. 730, 733 (Bankr. W.D. Mo. 1998)). The Trustee states that the attorney in *In re Payless Cashways, Inc.* filed "what amounted to a motion to enforce the settlement agreement worked out between the Debtor and the Creditor

---

[2] Fed.R.Bank.P. 3001(e)(2) provides: *Transfer of Claim Other than for Security after Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

which included a provision regarding paying [the attorney]. .... [And] [t]here is no similar settlement agreement between the Gaults and the Trosts, or between the Trustee and the Trosts." (ECF No. 6 at 10).

In reply, Stinson argues that bankruptcy courts enforce state attorney's lien claims. (ECF No. 13 at 2-3). Stinson cites *In re Campbell*, *In re Shirley Duke*, and *In re Payless Cashways* as examples of bankruptcy courts recognizing the enforcement of state attorney's lien claims in a bankruptcy proceeding. Stinson points out that, contrary to the Trustee's argument, the District Court in *In re Campbell* never held that proof of claim is an inappropriate means of enforcing an attorney's lien, particularly since a proof of claim provides sufficient notice to a judgment debtor of Stinson's intention to satisfy its claim out of distributions from the estate. (ECF No. 13 at 2-3).

Further, Stinson argues that the Trustee is incorrect that Stinson's attorney's fee claim is not a debt of the debtor. (ECF No. 13 at 3-5). Stinson, however, maintains that its attorney's lien claim is enforceable against the Debtors and the property of the Debtors as the defendants and Judgment debtors in the state court action. (ECF No. 13 at 3-5 (citing cases)). In addition, Stinson notes that an attorney's lien attaches to the fruits of any judgment. (ECF No. 13 at 5 (citing *In re Campbell*, 227 B.R. at 147).

Finally, Stinson asserts that filing a proof of claim is the proper procedure for enforcing an attorney's lien against the Gaults, including under Bankruptcy Rule 3001(e)(3). (ECF No. 13 at 6).[3] Stinson maintains that it complied with Bankruptcy Rule 3001(e)(3) by "filing a proof of

---

[3] Bankruptcy Rule 3001(e)(3) provides: *Transfer of Claim for Security Before Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim,

7

claim that specifically outlined the basis of its attorney's lien claim and how it related to the Trosts." (ECF No. 13 at 6). Stinson also states that the Trustee's suggestion that Stinson could have utilized the garnishment procedure outlined in *In re Bickell* is without merit for several reasons. (ECF No. 13 at 6-7). First, *In re Bickell* is different from the instant case because it did not involve an attorney's lien or the enforcement thereof. Second, Stinson notes that filing a garnishment to satisfy the Judgment it obtained completely defeats the purpose of an attorney's lien. Lastly, Stinson points out that Missouri bankruptcy courts have denied attorney's lien claims based on the attorney's failure to file a proof of claim. (ECF No. 13 at 7 (citing *In re Wallace*, 102 B.R. 174 (Bankr. W.D. Mo. 1989)).

The Court agrees with the reasoning of the Court in *In re Campbell*. The Trustee has cited no case holding that a state attorney's lien cannot be enforced against a creditor's claim in a bankruptcy proceeding. *In re Campbell*, 26 B.R. at 147. The Court holds that the Trosts' claim constitutes the fruit of their Judgment such that Stinson's attorney's lien claim can be enforced against it. *See In re Shirley Duke Associates*, 611 F.2d at 18 ("An attorney representing a creditor in a bankruptcy proceeding has a judicially enforceable section 475 lien upon the fund allocated to the payment of his client's claim. ... However, the attorney's lien is upon that fund only, nothing else."); *In re Ralph Lauren Womenswear, Inc.*, 204 B.R. 363, 374 (Bankr. S.D.N.Y. 1997), as amended (Jan. 21, 1997)("In the bankruptcy setting, an attorney's lien attaches to the fund allocated to the payment of the client's claim.").

The Court further holds that Stinson is not required to pursue one of the alternate means suggested by the Trustee. The purpose of an attorney's lien under Section 484.130 is to "protect[] counsel who undertake filing a lawsuit or a counterclaim on behalf of his or her client in the event

---

payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

the attorney is successful in recovering assets as a result of the action or counterclaim." *Evans v. F.D.I.C.*, 981 F.2d 978, 980 (8th Cir. 1992). Stinson properly complied with Missouri's attorney's lien statute and perfected an attorney's lien against the Trosts' Judgment. Stinson then filed its claim in Bankruptcy Court. Stinson was under no obligation to pursue other means, such as garnishment, in order to enforce that lien.

For the foregoing reasons, the Court overrules the Trustee's Objection and finds that Stinson has a valid lien upon any distribution on the Trosts' claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Trustee's Objection is **OVERRULED** and finds that Stinson has a valid lien upon any distribution on the Trosts' claim.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Bankruptcy Court and the Trustee shall enforce Stinson's lien claim on any distributions from the Gault Estate that would otherwise be directed to the Trosts based upon their claim under the Judgment, up to the amount of the Stinson claim against the Trosts.

Dated this 2nd day of December, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE